SARAH F. MILLER *vs.* WALDOBOROUGH PACKING COMPANY.

Lincoln.   Opinion March 25, 1896.

*Law and Equity Act, 1893. Pleadings. Practice. Insolvency. Corporation.*
*R. S., c. 46, § 47; c. 70, § 61; Stat. 1893, c. 217.*

Under the Law and Equity Act of 1893, c. 217, the defendant in an action at law may require the court to consider and determine, in the same action, a claim for equitable relief against the further prosecution of the action, or against the levy of the execution upon particular property.

To obtain the consideration and adjudication of such claim for equitable relief, it is not necessary to change the form of the action from law to equity.

Such claim for equitable relief can be presented in the form of " a brief statement " filed with the general issue in the action at law.

It is not necessary that such a statement of claim for equitable relief should be signed by the party in person, or verified by affidavit.

Such statement so filed can be met by a traverse, plea or demurrer, or by a counter brief statement showing equities against the defendant's claim.

Such a statement of claim for equitable relief should contain all the facts relied upon as grounds for such relief, including those facts showing the absence of any remedy at law as required in a bill in equity for the same

purpose. If all these facts are insufficient for equitable relief, and are incon-
sistent with the law plea filed, final judgment should be at once awarded to
the plaintiff.

But the filing of an equitable plea, or statement of claim for equitable relief,
does not necessarily bar a defense under the pleas at law. The matter of
the plea or statement, rather than its form is to be regarded. If the cir-
cumstances alleged in the equitable plea constitute a defense at law, and the
pleader has only mistaken the mode of presenting them, the plea or statement
may be reformed or treated as a plea at law.

Inasmuch as an insolvent corporation cannot receive a discharge in insolvency,
the fact that a defendant corporation in an action at law has been duly de-
clared an insolvent debtor, and its property is being administered in the
court of insolvency, shows no cause for restraining the prosecution of the
action at law to immediate final judgment.

The fact that the plaintiff in an action at law against an insolvent corporation,
intends to levy the execution upon property which the corporation under-
took to convey to other parties before its insolvency, does not show any
right in the defendant corporation to restrain such levy.

If such plaintiff is thus seeking to get more than his proportional share of the
insolvent estate, it is for the assignee, or other creditors, to interpose to
defeat such purpose.

See *Miller* v. *Kenniston, Judge*, 86 Maine, 550.

On exceptions.

This was an action at law which came before this court on
exceptions by the plaintiff to the overruling of her demurrer to
the defendant's plea in equity filed under the Law and Equity
Act of 1893, c. 217.

The action was assumpsit upon a promissory note. The
defendant, under the general issue, filed the following plea in
equity:

"And for a brief statement of special matter of defense, to be
used under the general issue pleaded, the said defendant further
says:

"That since the commencement of the plaintiff's suit in this
action, and within four months next after the alleged attachment
made thereon, to wit: on the twenty-fifth day of June, 1892, a
petition in insolvency was duly filed in the insolvency court for
this county, against the defendant corporation; upon which
petition such proceedings were had in said insolvency court,
that on the sixth day of September, 1892, the judge of said
court of insolvency duly adjudged said corporation to be an in-
solvent debtor, and ordered a meeting of the creditors to be

holden at the probate court room, in Wiscasset, on Monday, the third day of October, 1892, at ten o'clock, A. M., to prove their debts and choose one or more assignees of its estate ; at which meeting, held as above ordered, an assignee was duly chosen, and thereupon the said judge of insolvency made, executed and delivered an assignment in due form of law, assigning and conveying to said assignee, all the estate, real and personal, of the said corporation, not exempt from attachment and seizure on execution, together with all deeds, books of account, and papers relating thereto, which assignment was then forthwith recorded in the registry of deeds for said county of Lincoln ; and that the said proceedings against said corporation are still pending in said insolvency court.

"That the entire property and estate of said corporation was sold and conveyed in good faith and for an adequate consideration, long before the alleged attachment made by this plaintiff, and before the institution of said insolvency proceedings. That there remains in the hands of the assignee a considerable sum of money, viz : about $2500.00, being a part of the proceeds of the sale of the property made by said corporation as aforesaid.

" That the plaintiff in this action, heretofore, to wit :   on the fifth day of September, 1893, duly filed in said insolvency court, her proof of debt against said corporation, founded on and supported by the same claim or demand which is the subject matter of this action, as therein declared upon, and no other.   And said plaintiff now demands a dividend thereon.

" That the defendant corporation, through its officers and attorneys, is informed and believes, and on such information and belief alleges, that the plaintiff seeks to maintain this action for the sole and avowed purpose of obtaining judgment and execution therein, to be levied on the property sold and conveyed by said corporation as aforesaid, besides taking an equal dividend with the other creditors from the funds in the hands of the assignee which are the proceeds of said sale.

" That the settlement of said insolvent estate is impeded and prevented by the pendency of this action ; and that such settlement cannot be made with justice to the other creditors or to

the assignee, while this action, or any other action for the same cause, is pending ; by reason of which no dividend has yet been made.

"And the defendant corporation avers that the matters herein set forth constitute a ground for relief in equity, and prays that it may receive such relief against the claims of the plaintiff; and especially that the plaintiff may be restrained and enjoined by the order and decree of this honorable court, from further prosecuting or maintaining the said action, or any other action for the same cause, and from making any attachment or seizure of any property, or levying any execution upon any property, as the property of this corporation ; and for such other and further relief as to the court may seem meet, and for its costs.

Waldoborough Packing Company, by George B. Sawyer, its attorney."

The plaintiff filed a general demurrer by her attorneys, which having been joined by the defendant's attorney, was overruled by the presiding justice.

*C. E. and A. S. Littlefield*, for plaintiff.

No pleadings in equity should be filed and no change of a suit at law to one in equity should be made, except first by an express order or direction of the court; and nothing of the sort appears in the record. The record of the case itself should, under the statute, show the order and direction of the court authorizing so radical a change in procedure in any given case.

A brief statement at law, which is all that this record presents, can in no sense be considered a plea in equity, or, as would be required at bar, a bill in equity. This record shows that the defendant is attempting to get the benefit of a bill in equity in aid of its defense by continuing its pleadings at law. Such a proceeding is clearly not contemplated by the statute. The statute expressly provides that the pleadings at law shall be stricken out and the parties shall begin in equity subject to all equitable rules of procedure.

The matters set up in this brief statement are in no proper, legal or equitable sense a defense to the action at law, but they

are matters entirely aliunde of the action, in no way connected with the issue, and in no sense a defense either legally or equitably, but distinct and independent matters relied upon as equitable reasons, not to defend the action at law, but to restrain its prosecution; and these matters should be availed of in accordance with the provisions of § 1, and not under the provisions of § 4, of the act.

This point can be raised by demurrer as it is apparent upon the record, and is one that should be settled by the court, as it relates to an important point of practice under this new statute.

This brief statement is a plea, or bill in equity, praying for an injunction. The act of 1893 made no change whatever in the chancery rules or in equitable procedure or, in any way, enlarged or modified equitable rights or changed the practice in equity. It will not be claimed that a defendant in a suit at law could invoke the equitable jurisdiction of the court except in accordance with the well-settled rules of practice.

Section 6 of the act is conclusive upon the proposition that no change of any kind was intended to be made by the act in the rules of chancery procedure. This provides that when ground for relief in equity is pleaded, "The Supreme Judicial Court may make such decrees and restraining orders as may be necessary to protect and preserve such equitable rights, and may issue injunctions according to the usual practice of courts of equity."

Whatever is done then by the court by virtue of the peculiar provisions of this statute, and especially in the matter of issuing injunctions, is to be done "according to the usual practice of courts of equity."

This brief statement, or plea in equity, or whatever it may be called, is wholly insufficient for the reason that it is not verified by oath. Chancery rule V.

The plea, however, only presents the naked proposition of an absolute sale by the defendant corporation of all its property, and the purpose and intent of the plaintiff to levy upon property thus sold and conveyed, — a proceeding by virtue of which the plaintiff could acquire nothing, and the rights of no one could

in any way be infringed ; and the bill, therefore, sets forth no reason whatever for the interposition of a court of equity in the case at bar.

*George B. Sawyer*, for defendant.

The plea in equity in this case is not filed under the provisions of section one of the statute of 1893 ; but was filed, as a matter of right, under the fourth section of the same statute. There had been no previous pleadings at law, and there was no occasion for the intervention of the court, or the imposition of terms.  But if such permission were necessary, it must be inferred from the fact that such pleadings were received and filed, and that the plaintiff, taking cognizance thereof, filed her demurrer to the same.

As already shown, there were no previous pleadings at law to be stricken out.  The demurrer is general and specifies no error in the form or method of verification of the plea.  Such defect, if it existed, should have been taken advantage of by a special demurrer or motion in term time.  The objection is waived by the general demurrer "for want of equity," and alleging no other ground.  *In re Brockway Manuf. Co.* 87 Maine, 477.

With the admitted facts as set forth in the plea, and the avowed intention of the plaintiff to prolong the litigation, involving further cost and delay to the other creditors, for which she alone is responsible, there can be no doubt of the right and duty of the court to interpose equitable relief.

SITTING : WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

EMERY, J.  This is an action at law upon a promissory note, and was entered at the April Term, 1892.  At the April Term, 1895, the counsel for the defendant filed the general issue plea denying the alleged promise.  He further filed in the form of a brief statement, under the general issue, a written allegation of various matters of fact, all extraneous to the question of the defendant's alleged indebtedness.  Indeed, the counsel does not claim that the allegations in his brief statement show any matter in denial or avoidance of

the plaintiff's declaration. He practically concedes that they show no ground of defense. He does claim, however, that they show good grounds in equity why the plaintiff should not have the judgment she might be entitled to at law, or, at least, should not levy her execution upon certain specified property formerly of the defendant corporation. He prays, therefore, that she be restrained from taking such judgment and making such levy.

This anomalous procedure upon the part of the defendant is. now authorized by the Law and Equity Act of 1893, c. 217, § 4,. that act authorizing the defendant in an action at law to bring to the notice of the court, by pleading in the same action, any matters which would entitle him to relief in equity against the claims of the plaintiff, even though they constitute no defense at law. Without that statute, the defendant would have been obliged to bring such matters before the court by a separate suit in equity. With the statute, he can require the court to consider them and afford him in the same action the relief to which they entitle him. In this case, the plaintiff has demurred to the defendant's brief statement of equitable matters ; and thus, by force of the act of 1893, the question whether the defendant has any grounds for the equitable relief sought, can be determined in this action at law by a judgment that will conclude the parties finally both at law and in equity.

The gist of the matter alleged by the defendant seems to be this : The defendant corporation before the date of the plaintiff's. attachment had essayed to convey for an adequate consideration its entire property. Within four months after the attachment, the defendant corporation was adjudged an insolvent debtor upon proper proceedings, and an assignee appointed. The plaintiff proved against the insolvent estate, in the insolvent court, the same note sued upon in this action. The plaintiff, however, questions the validity of the prior conveyance by the corporation, and intends, if she can obtain judgment against the corporation, to levy her execution upon that property as well as to take her dividend from the estate in the insolvency court. Such avowed purpose of the plaintiff delays and embarrasses the settlement of the estate in insolvency, inasmuch as that estate

consists almost entirely of the property so essayed to be con-
veyed, and hence no dividend can be safely paid so long as the
plaintiff is at liberty to attempt a levy on that property.

The counsel for the defendant does not claim, in argument,
that the simple facts that the defendant corporation is an insolv-
ent debtor in the insolvent court, and that the plaintiff has
proved her note in that court against the insolvent estate, are
or should be a bar even in equity to her proceeding to judgment
in her action at law in this court. Insolvent corporations are
upon a different footing from insolvent individuals in the insolv-
ency court under our statute. The individual debtor may be
discharged from his debts. The incorporated debtor cannot be
discharged from its debts. R. S., c. 70, § 61. The obligation
of the corporation and its stockholders remains notwithstanding
the sequestration of its property by the insolvency proceedings.
The creditor's right to a judgment against the corporation is
essential to his enforcement of his rights against the stockhold-
ers. R. S., c. 46, § 47. *Coburn* v. *Boston, &c., Company,* 10
Gray, 243.

The defendant's counsel insists, however, that the plaintiff's
declared purpose to obtain a judgment at law and levy her execu-
tion upon the property which the corporation had conveyed
before her attachment, and the proceeds of which constitute the
estate now being administered in the insolvency court, does
show good cause why she should not be allowed to proceed to
judgment, or at least should be restrained from levying her
execution upon the property conveyed. The argument is that
the plaintiff is evidently seeking by means of a judgment and
levy to secure an advantage over the other creditors of the
corporation, and hence the court should in the interests of
equality, and consequent equity, restrain her from the use of
those means. As showing both the purpose of the plaintiff and
the duty of the court, we are cited to the case, *Miller* v. *Ken-
niston, Judge,* 86 Maine, 550. It is further argued that the
assignee in insolvency cannot safely proceed to make division of
the money in his hands, largely the proceeds of the conveyance,
until the plaintiff is restrained from attacking that conveyance.

Counsel apprehends that, if such attack should be successful, the grantee in the conveyance would recover the purchase money of the assignee, or at least fasten a lien therefor upon the proceeds.

As to the first argument, it is difficult to see what concern the defendant corporation has with the attempt or hope of the plaintiff to obtain an advantage over other creditors by the means indicated. The corporation has now no property whatever. It has all been conveyed away or assigned in insolvency. The creditors now have control over its administration, and have ample remedies to enforce its equal distribution among themselves. The defendant is interested, perhaps, in its speedy and economical administration, but not in its ratio of distribution. Its indebtedness is reduced to the same extent however the assets are divided among the creditors. If one creditor is seeking to get more than his proportional share, and is using means likely to accomplish that end, it is at the expense, not of the insolvent corporation, but of the other creditors. It is for them to interpose to defeat that purpose, if they desire. The plaintiff's efforts do not seem to have alarmed the other creditors so far.

As to the second argument, there is no statement in the equitable plea that the grantee under the conveyance would have any remedy against the corporation, or any lien upon its assets in the event of the conveyance being declared inoperative ; nor is there any statement of facts which tend to show any such remedy or lien. No color of right is shown in the plaintiff to levy successfully on the property so conveyed ; nor does it appear that such a levy could by any possibility prevail against the conveyance. The allegation is positive that the entire property and estate of the corporation were sold and conveyed in good faith, and for an adequate consideration, long before the plaintiff's attempted attachment. According to the allegations in the equitable plea, the plaintiff is pursuing a will-o-the-wisp, which pursuit may amuse, but cannot possibly harm the defendant.

But aside from all allegations, or lack of allegations in the

plea, ought the plaintiff at the sole instance of her debtor to be restrained from trying to collect her debt out of what she believes to be still her debtor's property, but which both the debtor and the assignee refuse to recognize as such property? As already said, the plaintiff is not attempting to levy on property to which the assignee is asserting any claim. Apparently it is precisely because the assignee will not make any claim to the property, that the plaintiff seeks to secure it for her debt. In this effort she may become involved in law suits with other parties, but in these suits the defendant, her debtor, has no occasion to interpose. It may, indeed, be pertinently questioned whether a creditor should be enjoined at the instance of anybody from attempting to show that certain property is subject to seizure upon execution for his debt. There is nothing inequitable in vigorous and persistent efforts to subject all of a debtor's property (except what is exempt by law) to the payment of his debts. The other claimants of the same property can ordinarily fully assert their rights in defense to any attack by the creditor. In this case, however, it is safe to say that until the assignee claims the property, or those claiming under the alleged conveyance seek an injunction, no reason is shown why the plaintiff should be hindered in her pursuit. It follows that the demurrer must be sustained and the relief prayed for be denied.

Having adjudicated as above upon the merits of the offered defense, it may be serviceable to consider some points in practice, suggested by counsel under the Law and Equity Act of 1893, chapter 217. The plaintiff's counsel has made three points against the defendant's procedure: (1) that the defendant could not properly allege such purely equitable matter in defense, until it had obtained an order of court requiring the parties to strike out their pleadings at law and to plead anew in equity; (2) that, inasmuch as the matters alleged by the defendant are purely equitable, they should be alleged in the form prescribed by the chancery rules, and the equity practice; (3) that, inasmuch as the relief prayed for is an order or decree against the further prosecution of the action (or practically an injunction),

the pleading should be verified by the affidavit required by the chancery rules in bills praying for an injunction.

There does not seem to be any occasion for changing the suit from one at law to one in equity. An action at law is prima facie a plain, adequate and complete remedy for the collection of a promissory note. The plaintiff is only asking for a judgment for money. It does not yet appear that the rights of these parties "can be better determined and enforced by a judgment and decree in equity." By section 4 of the act of 1893, any matter which would be ground of relief in equity against the plaintiff in an action at law, may be pleaded in the action at law. This the defendant did. As to the form of pleading such matter, the same section provides that the pleading shall be in the form of a brief statement under the general issue. This form the defendant observed. The chancery rule requiring verification applies to pleadings in an equity suit, not to statute equitable pleadings in an action at law. Through all the pleadings in this case, the action remains one at law in which usually no verification of pleadings by affidavit is required.

It is urged, however, that by section 6 of the act of 1893, the court in granting restraining orders and injunctions in actions at law under equitable pleas, must proceed "according to the usual practice, of courts of equity," and that, according to that practice no such order or injunction is ever granted except upon a bill or petition supported by affidavit. Section 6 seems limited in its application to actions at law in the superior courts in which equitable defenses are pleaded. Section 4 seems to sufficiently declare the power of the court in such actions in the supreme judicial court. Both sections, however, seem designed to declare the enlarged powers of the court, rather than to prescribe a limited procedure.

In an equity suit, the party seeking equitable relief first invokes the power of the court and brings the defendant into litigation. If he desire an injunction upon the defendant, he should support his petition by affidavit, and such is the rule in equity suits. In an action at law, the party seeking equitable relief has already been brought before the court by his adver-

sary. The relief sought is solely against that adversary and from some claim in, or from some consequence of, that action. The adversary initiated the litigation and thereby, under the act of 1893, opened up the whole matter legal and equitable, and hence should be prepared for any phase it may assume. There seems to be no great reason for imposing upon the other party, thus brought into court, the restrictions and requirements imposed upon the originator of the litigation. The court has for years summarily exercised certain equity powers in actions at law, without the forms and restrictions of equity procedure, as where the justice of the court assesses the damages in certain actions without the intervention of a jury, and thus affords equitable relief from the penalty of a bond or other covenant. *Philbrook* v. *Burgess*, 52 Maine, 271. Our view of the act of 1893 is that, in permitting equitable pleas and equitable orders and decrees in an action at law, the legislature did not intend to change the character of the action, or to import into it the peculiar formalities and technicalities of a suit in equity. The general purpose of the act is to simplify and speed procedure.

The defendant's counsel in turn has suggested that the plaintiff's counsel erred in demurring to his equitable plea, since technical demurrers to pleas in equity are not used. But the defendant's pleading is not in equity. It is a pleading in an action at law now expressly authorised by statute, and can be met like any other pleading at law by a demurrer, traverse or replication, and can be further met under the statute with a counter brief statement of matter of equitable relief against the defense thus set up.

Both parties appear to have proceeded correctly and without difficulty or hesitation. They have now received an authoritative adjudication, without being remitted to another suit or to another gate of justice.

The result of this adjudication is that judgment must now be ordered for the plaintiff. This result of invoking the statute of 1893, is perhaps unexpected, but it is logical and just. The sole foundation of a suit in equity to enjoin the prosecution of an action at law, or the enforcement of a judgment at law, is

the absence of any adequate defense at law.  In a suit in equity to obtain such relief, it must be made to appear that the complainant is obliged to resort to the equity jurisdiction of the court,— that without relief in equity, he must suffer judgment and execution at law.  By thus asking the court to consider the facts upon its equity side, he submits whether they entitle him to any relief from the action or judgment.  If these facts show a legal defense, or do not show any defense at all, the relief in equity will be denied.  It is only when the facts show an equitable defense, and further show that there is no adequate defense at law, that relief will be granted in equity.  *Bachelder* v. *Bean*, 76 Maine, 370; *Hapgood* v. *Hewitt*, 119 U. S. 226; *Grand Chute* v. *Winegar*, 15 Wall. 373; *Worthington* v. *Lee*, 61 Md. 530.

If, instead of resorting to a bill in equity, a defendant pleads the same equitable matter in the action at law under the act of 1893, the same inferences should generally be drawn.  The defendant thereby usually admits that he has no defense at law.

He has, indeed, asserted by his plea of the general issue, that he has a complete defense at law in that he never made the promise declared on ; but a plea of the general issue may be waived by pleading other matter inconsistent with that plea, as in the case of a plea puis darrein continuance.  *Morse* v. *Small*, 73 Maine, 565.  So the seeking equitable relief against the action or the judgment by pleading equitable matters inconsistent with the general issue, may be held to be a waiver of that plea.

It does not necessarily follow that every equitable plea filed under the statute of 1893, is a waiver of the general issue ; or that it is always to be inferred from such a plea, that there is no legal defense.  The inference should be from the matter of the plea, rather than from its form.  If the circumstances alleged in the defendant's equitable plea do consitute a legal defense and he has only mistaken the proper form of pleading, then his plea may be reformed, or treated as a plea of legal matter in bar ; but if those circumstances do not show any defense, either legal or equitable, the plain inference usually is that there is no defense.  The act of 1893 was not enacted to permit

defendants to delay actions at law by withholding legal defenses until supposed equitable defenses were disposed of. Successive adjudications upon equitable and legal defenses were not contemplated. The purpose of section four of that act was to permit a defendant, who otherwise would be obliged to resort to a suit in equity for a defense, to interpose the facts constituting that defense directly in bar of the action. It gives him no other privilege or advantage. Since the statute, he must, as before, rely upon his legal defenses if he have any, and it is only when he has no adequate legal defense, that he can properly ask the court to consider his equitable defenses. If he be in doubt whether the facts constitute a legal or equitable defense, or any defense, he may set them out in full under the statute and submit them to the court. If it then appear to the court that the matters so set out constitute no defense, either at law or in equity, then the defendant should submit to judgment. He must be supposed to have stated his whole case. He cannot afterward be heard to say that there are other facts which he has not stated and which are a legal bar to the action. To permit him to do so, would pervert the act of 1893 from an act to facilitate the more speedy adminstration of justice as intended, to one more obstructive of justice.

In this case we infer, we think rightfully, that the defendant in its equitable plea has stated its entire defense. That statement, as we have seen, is insufficient both at law and in equity. The result is that the plaintiff should now have judgment.

*Exceptions sustained. Plea adjudged insufficient. Judgment for plaintiff.*