Doyle HARRIMAN, et al.

v.

Harlon M. MADDOCKS.

Supreme Judicial Court of Maine.

Argued Jan. 10, 1989.
Decided June 16, 1989.

**12**

Laurie Anne Miller (orally), Ferris, Dearborn & Willey, Brewer, for plaintiffs.

Eugene C. Coughlin (orally), Vafiades, Brountas & Kominsky, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

ROBERTS, Justice.

The Harrimans return before this Court challenging the decision of the Superior Court (Waldo County, *Smith, J.*) which determined that they were not entitled to a jury trial and that the release of claims signed by the Harrimans was not induced by fraud. We affirm the judgment of the Superior Court.

In November, 1984, Doyle Harriman was involved in an automobile accident with Harlon Maddocks when Maddocks failed to yield at an intersection. After the accident, an agent from Maddocks' insurer came to the Harriman home and secured a release of all claims for $7,500 and medical expenses of up to $2,000. The Harrimans filed suit for damages the following May, but Maddocks countered with the affirmative defenses of accord and satisfaction, release, and payment. The trial court granted the defendant's motion for summary judgment. We overturned that ruling on the ground that the parol evidence rule did not prevent the Harrimans introducing evidence of fraud in the negotiations with the insurance agent so as to vitiate the release. *Harriman v. Maddocks*, 518 A.2d 1027, 1029–30 (Me.1986).

On remand, the trial court determined that, although the initial relief requested and the affirmative defense were legal, the rejoining allegation of fraud to vitiate the release sought equitable relief. Accordingly the court separated the equity issue for a trial in which the Harrimans were not entitled to a trial by jury. After hearing the evidence, the court concluded that the Harrimans had not borne the burden of proving fraud and summarily entered a judgment for the defendant.

■■■ Under our constitution, jury trials are available, "[i]n all civil suits, and in all controversies concerning property ... except in cases where it has heretofore been otherwise practiced." Me. Const. art. I, § 20. The court's practice in analyzing the right to a jury trial is to find there is such a right unless it is affirmatively shown that a jury trial was unavailable in such a case in 1820. *North School Congregate Housing v. Merrithew*, 558 A.2d 1189 (Me.1989).[1] Historically, actions at law and proceedings in equity were handled in separate trials, but in 1893, the Legislature enacted the Law and Equity Act that enabled a defendant to plead an equitable defense and a plaintiff to plead any ground for equitable relief against a defense in an action at law. P.L. 1893, ch. 217; R.S. Ch. 84, § 17

---

1. The relevant section of the Maine Constitution reads:

    In all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced; the party claiming the right may be heard by himself or herself and with counsel, or either, at the election of the party.
    Me. Const. art. I, § 20.

(1903).[2] *See also, Miller v. Waldoborough Packing Co.,* 88 Me. 605, 34 A 527 (1896); R. Whitehouse, *Equity Practice* § 400–403, at 427–432 (1900). The Law and Equity Act was repealed in 1959 contemporaneously with the adoption of the Maine Rules of Civil Procedure. P.L.1959, ch. 317, § 86. Law and equity were thereafter governed by the same procedure, although the remedies and rights of the parties remained distinct. To determine the rights of the parties and available remedies, the Court must "look behind" the action to see if it was historically tried without a jury. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 38.1 at 550 (2nd ed. 1970). In a suit that involves both legal and equitable issues, the court has discretion to determine the order in which these issues will be tried. *Id.* § 38.2, at 556.

In response to the affirmative legal defense of accord and satisfaction, the Harrimans countered with a claim of fraud and request for rescission. The trial court correctly determined that, while the fact of fraud does not preclude trial by jury, a request for rescission transformed the action into a request for equitable relief. It is well settled that rescission is an equitable remedy. *See e.g. First of Maine Commodities v. Dube,* 534 A.2d 1298, 1301 (Me.1987); *Arbour v. Hazelton,* 534 A.2d 1303, 1305 (Me.1987).

The Harrimans also argue that the Superior Court impermissibly shifted the burden of proof on their claim of fraud. They suggest that Maddocks, in pleading a release as an affirmative defense, must prove the validity of that release. This view of the burden of proof is incorrect. The Harrimans did not deny their execution of the release that was offered in response to their complaint. The burden of proving fraud to vitiate the release rests with the party asserting it. *See Beck v. Sampson,* 158 Me. 502, 186 A.2d 783 (1962); *Maxwell v. Adams,* 130 Me. 230, 154 A. 904 (1931). The Harrimans failed to establish fraud that would vitiate the effect of their act.

The trial court committed no error in entering judgment for the defendant.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Originally the power to decide equitable issues was limited to the Supreme Judicial Court. The Superior Court later acquired that same power. R.S. Ch. 96, § 18 (1930).