STATE OF MAINE                           BUSINESS AND CONSUMER COURT

Cumberland, ss.                                      Location: Portland

PAMELA W. VOSE, Personal Representative
of the Estate of William T. Dean, Jr.

                Plaintiff

        v.                                      Docket No. BCD-CV-14-14

JAMES P. TAYLOR, et al.

                Defendants

## ORDER ON DEFENDANT TAYLOR'S PENDING MOTIONS

Defendant and Third-Party Plaintiff James P. Taylor has filed a Motion to Strike Plaintiff's Request for Jury Trial and a Motion For Leave To Amend Third-Party Complaint. Both motions are opposed. The court elects to decide both without further argument. *See* M.R. Civ. P. 7(b)(7).

*Motion to Strike Plaintiff's Request for Jury Trial*

Defendant Taylor's motion asserts that, because Plaintiff Vose's claim is for equitable relief only, not for damages, Plaintiff has no right to a jury trial.

Plaintiff's First Amended Complaint asserts two counts against Defendant Taylor, one seeking a declaratory judgment invalidating the deed by which the Maine Department of Health and Human Services (DHHS) as temporary conservator transferred the property to Defendant Taylor, and the other asking for a constructive trust to be imposed upon the property in the hands of Defendant

1

Taylor. The relief sought under both theories of liability is for rescission of the DHHS conveyance to Defendant Taylor. The effect of rescission would be to vest title in Plaintiff Vose, who initially succeeded DHHS as conservator for William T. Dean, Jr. and who now serves as personal representative of Mr. Dean's estate.

Defendant Taylor seeks to strike Plaintiff's jury demand on the ground that her claims are equitable and there is no right to a jury trial on purely equitable claims. The Maine Constitution establishes a right to trial by jury "in all civil suits, and in all controversies concerning property . . . except in cases where it has heretofore been otherwise practiced." ME. CONST. art. I, § 20. Maine courts have interpreted this provision in specific cases by "look[ing] behind the action to see if it was historically tried without a jury." *Harriman v. Maddocks*, 560 A.2d 11, 13 (Me. 1989), *quoting* 1 Field, McKusick & Wroth, MAINE CIVIL PRACTICE § 38.1 at 550 (2nd ed. 1970) (internal quotes omitted).

Legal claims are usually triable to a jury, whereas equitable claims generally are not, and "[w]hether a claim is equitable or legal depends on the basic nature of the issue presented and the remedy sought by the plaintiff." *Avery v. Whatley*, 670 A.2d 922, 924 (Me. 1996)(internal quote omitted).

"It is well settled that rescission is an equitable remedy." *Harriman v. Maddocks, supra*, 560 A.2d at 13, *citing First of Maine Commodities v. Dube*, 534 A.2d 1298, 1301 (Me. 1987); *Arbour v. Hazelton*, 534 A.2d 1303, 1305 (Me. 1987). Even when a rescission claim raises factual issues that could be tried to a jury in the context of a claim for damages, if the cause of action is equitable in nature, trial on

2

factual issues is to the court. For example, in *Harriman*, the plaintiffs' rescission claim included allegations of fraud—an issue that in the context of a damages claim would be decided by the jury—but the Law Court held that the trial court correctly determined that "while the fact of fraud does not preclude trial by jury, a request for rescission transformed the action into a request for equitable relief." *Harriman v. Maddocks, supra,* 560 A.2d at 13. Accordingly, the Law Court concluded that the issue of fraud for purposes of the plaintiffs' rescission claim was appropriately decided by the court rather than by a jury. *Id.*

Plaintiff Vose's opposition to Defendant Taylor's Motion to Strike notes that her claim for declaratory judgment raises issues that in certain instances are tried to a jury. However, the inclusion of a count for declaratory judgment does not create a right to jury trial where none would otherwise exist. In *Thompson v. Pendleton,* the Law Court held that plaintiff landowners who brought an action for declaratory judgment to establish their right to use a right of way did not have the right to a jury trial because their cause of action rested on equitable claims for reformation of deed and enforcement of an equitable servitude. 1997 ME 127, ¶ 10, 697 A.2d 56, 58. The fact that the plaintiffs also sought a declaratory judgment claim did not create a right to jury trial. *See id.*

Because Plaintiff Vose's claim against Defendant Taylor sounds in equity and seeks equitable relief only, there is no right to jury trial. Accordingly, Defendant Taylor's Motion to Strike will be granted.

3

*Motion for Leave to Amend Third-Party Complaint*

Defendant Taylor's Motion for Leave to Amend seeks to add a breach of contract count to his third-party claim against the DHHS. DHHS objects essentially on timeliness grounds. It is quite true that the action has been pending for a long time. On the other hand, Defendant Taylor and DHHS and the court have agreed that resolution of Defendant Taylor's third-party claims be deferred until after the trial of Plaintiff Vose's claims against Defendant Taylor, so the proposed amendment will not cause delay. Also, the addition of this count would not appear to open whole new factual vistas for purposes of additional discovery. Because leave to amend should be granted liberally, the Motion for Leave to Amend will be granted.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendant James P. Taylor's Motion to Strike Plaintiff's Request for Jury Trial is granted.

2. Defendant James P. Taylor's Motion For Leave To Amend Third-Party Complaint is also granted. Defendant Taylor's proposed Amended Third-Party Complaint is deemed filed as of this date, and the State will file an amended answer within the time prescribed by M.R. Civ. P. 15.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated July 25, 2017

_____
A.M. Horton, Justice

Entered on the Docket: 7·25·17
Copies sent via Mail___ Electronically✓

4

**Pamela W. Vose, Conservator for William Dean, Jr. v. James P. Taylor, et al.**

BCD-CV-2014-14

**Pamela W. Vose, Conservator for William Dean, Jr.**
    **Plaintiff**

        Counsel:                       Cynthia Dill, Esq.
                                      511 Congress Steet
                                      PO Box 9711
                                      Portland, ME 04101-5011

**James P. Taylor**
    **Defendant**

        Counsel:                       Zachary Greenfield, Esq.
                                        361 US Route 1
                                      Falmouth, ME 04105

**DHHS**
    **3rd Party Defendant**          Chistopher C. Taub, Esq.
                                        6 State House Station
                                        Augusta, ME 04333-0006