## Ruth D. BOWDEN

v.

## Edward B. GRINDLE et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 22, 1994.

Decided Dec. 20, 1994.

---

Barry K. Mills, Hale & Hamlin, Ellsworth, for plaintiff.

William N. Ferm, Ferm, McSweeney & Collier, Ellsworth, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

DANA, Justice.

Ruth D. Bowden appeals from a judgment entered in the Superior Court (Hancock County, *Mead, J.*) contending that the court erred by its determination that the court was bound by the advisory jury verdict that the statute of limitations barred her claim for rescission of a deed given to Edward B. and Prudence E. Grindle. The Grindles cross-appeal, contending that if Bowden prevails,

they should not be bound by the judgment on their counterclaim for unjust enrichment. We vacate the judgment.

Bowden conveyed title to her farm in Blue Hill to the Grindles, reserving a life estate to herself. Six years and three months after this conveyance Bowden filed this action seeking rescission of the deed on the grounds that she lacked the requisite mental capacity to convey the land. In the alternative, she claimed that the deed was the product of undue influence by the Grindles. The Grindles counterclaimed, seeking damages for labor and materials used to improve the property and for the return of various items of personal property pursuant to three claims which they labeled *"quantum meruit"*, "promissory estoppel", and "trespass to chattel". The Grindles then requested a jury trial. The parties and the court agreed that the jury's verdicts would be binding on the issues triable of right by jury and advisory on the equitable counts.

At the trial the parties and the court drafted a verdict form. The first question on the form read: "Do you find that the Plaintiff commenced this litigation within the six-year statute of limitations?" The form also instructed the jury that if it answered this question in the negative, it was to skip the questions concerning Bowden's claims and consider only the questions dealing with the Grindles' counterclaims. The Grindles' claims were grouped together in the fourth question which read: "Does Plaintiff owe damages to Defendants for labor and materials which they have furnished to her during the six years before this litigation commenced?" The fifth and final question asked the jury to state the amount, if any, of those damages. In closing argument, the Grindles told the jury that if it found that the deed was still valid, they did not want any award of money damages for their counterclaims, but only desired the return of a clock belonging to Prudence's grandmother.

The court then instructed the jury to accept the fact that Bowden had filed her claim about three months after the statute of limitations period and that it was to determine whether she had suffered a mental disability that would have tolled that period. The jury found that Bowden had not commenced her action within the period of the statute of limitations. It also found for the Grindles on their counterclaims and that Bowden owed the Grindles damages consisting of the clock belonging to Prudence's grandmother.

The court characterized the verdict on the first question as a factual determination of a lack of mental incapacity, and as an issue separate from Bowden's equitable claim for rescission. The court, therefore, determined that it was bound by this finding and entered judgment for the Grindles. Bowden objected to this ruling, arguing that the court was not bound by this finding because the issue was not one triable of right by a jury.

■ In an action in the Superior Court any party may demand a jury trial of any issue triable of right by a jury. M.R.Civ.P. 38(b). Unless a party specifies the issues that it wishes tried by a jury, the party shall be deemed to have demanded trial by a jury for all issues triable of right by a jury. M.R.Civ.P. 38(c). On the other hand, if an issue is not triable of right by jury, the court may try the issue with an advisory jury. M.R.Civ.P. 39(d). The court may also order a trial with a non-advisory jury on such issues, but only if the parties consent. *Id.*

■ In this case the Grindles requested a jury trial but did not specify the issues that were to be tried by the jury. Thus they were deemed to have demanded a trial by a jury on all issues triable of right by a jury. M.R.Civ.P. 38(c). The issue we must decide is whether the defense of the statute of limitations when used to bar an equitable action is an issue triable of right by a jury. We answer this question in the negative.

■ The Constitution of Maine guarantees that "[i]n all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced...." Me. Const. art. I, § 20. We have interpreted this section as conferring a right to a jury trial on all legal claims, but not on equitable claims. *Town of Falmouth v. Long,* 578 A.2d 1168, 1171 (Me.1990). In *Morris v. Resolution Trust Corp.,* 622 A.2d 708 (Me.1993), we held that there is no right

to a jury trial on legal defenses to an equitable claim.

> An issue legal in nature is not attended by a right to jury trial when it is raised as a defense to an equitable issue. Entitlement to a jury trial depends on the type of relief requested by the claim, whether it be in the form of a complaint, a counterclaim or a cross-claim.

*Id.* at 716.

Bowden's complaint sought only rescission of a deed. It is well settled that rescission is an equitable remedy. *See, e.g., Harriman v. Maddocks,* 560 A.2d 11, 13 (Me.1989). Even though it is legal in nature, the Grindles' defense of the statute of limitations cannot convert this issue to one triable of right by a jury. *Morris,* 622 A.2d at 716. The jury's verdict on this issue could not have been binding on the court without the parties' consent. M.R.Civ.P. 39(d). Therefore, the court erred when it considered itself bound by the jury's determination that Bowden's claim was barred by the statute of limitations.[1]

■ The Superior Court also considered itself bound by the jury's determination of the fourth and fifth questions on the verdict form that asked respectively whether Bowden owed the Grindles for the labor and materials they had invested in the property, and, if so, the amount owed. The jury's verdicts on these questions acted as verdicts on all of the Grindles' counterclaims. In their pleadings, the Grindles labeled their counterclaims *quantum meruit,*[2] promissory estoppel, and trespass to chattel, and characterized them as legal claims and therefore triable of right to a jury. Despite the labels, it is evident from the Grindles' pleadings and argument, and the court's instructions to the jury, that the Grindles' principal counterclaim was an equitable one for unjust enrichment. Because we find that the Grindles' counterclaim labeled *"quantum meruit"* was in fact a claim for unjust enrichment, we conclude that the court erred in considering itself bound by the jury verdicts.

We recognize that there has been considerable confusion between the terms *"quantum meruit"* and "unjust enrichment" and have recently attempted to clarify the distinction between the two.

> *Quantum meruit* involves recovery for services or materials provided under an implied contract. "Unjust enrichment describes recovery for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay."

*Aladdin Elec. Assocs. v. Town of Old Orchard Beach,* 645 A.2d 1142, 1145 (Me.1994) (quoting *A.F.A.B., Inc. v. Town of Old Orchard Beach,* 639 A.2d 103, 105 n. 3 (Me. 1994)).

■ To establish a claim for unjust enrichment, three elements must be proved:

> "[One] a benefit conferred upon the defendant by the plaintiff; [two] an appreciation or knowledge by the defendant of the benefit; and [three] the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value."

*Aladdin Elec. Assocs.,* 645 A.2d at 1144 (quoting *A.F.A.B., Inc. v. Town of Old Or-*

---

1. We note that in addition to the defense of the statute of limitations, the Grindles raised the equitable defense of laches. Prior to the merger of law and equity, statutes of limitations applied only to actions at law whereas laches was the time bar to equitable actions. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 8.17 at 206 (2d ed. 1970). After the merger of law and equity, the Maine Legislature amended the general six-year statute of limitations to apply to "all civil actions." 14 M.R.S.A. § 752 (1980). This statute imposes a maximum time limit within which all civil actions may be brought, but does not prevent the shortening of this period pursuant to the application of the equitable doc-

trine of laches. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 8.17 at 207 (2d ed. 1970).

2. A claim of *quantum meruit* is more appropriately described as a claim of quasi-contract. *Quantum meruit* describes the extent of liability under a theory of quasi-contract. The expression *"quantum meruit"* means "as much as deserved" and describes the extent of liability on a contract implied by law or "quasi-contract". *Black's Law Dictionary* 1243 (6th ed. 1990). *See also Danforth v. Ruotolo,* No. 7056, slip op. at 1 n. 2 (Me. Dec. 8, 1994).

*chard Beach,* 610 A.2d 747, 749 (Me.1992)). A successful claim of quasi-contract requires proof that (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment. *See Bourisk v. Amalfitano,* 379 A.2d 149, 151 (Me.1977). Thus gratuitous services cannot support a quasi-contract claim. *Estate of Boothby,* 532 A.2d 1007, 1010 (Me. 1987). *Quantum meruit* is the measure of recovery under the quasi-contract. It is equal to the reasonable value of the services provided. *Aladdin Elec. Assocs.,* 645 A.2d at 1145. The recovery pursuant to a claim for unjust enrichment, on the other hand, is limited to the amount of the benefit realized and retained by the defendant. *Id.* Although there may be a relationship between these two amounts, they are not necessarily the same.

The claim that the Grindles labeled *"quantum meruit"* does not allege that the Grindles ever expected to be compensated for their efforts. Rather, it alleges that if the Grindles' deed is determined to be void, it would be inequitable for Bowden to retain the benefit of their labors without some payment. This claim is one for unjust enrichment.

For purposes of this case the nature of the claims is important. *Quantum meruit* was the common law count for work and labor in an action of *assumpsit,* and, thus, in Maine it is necessarily an issue triable of right by a jury. *See* 1 Palmer D. Edmunds, *Common Law Forms of Pleading and Practice* § 154 (1931). Unjust enrichment is an equitable action and, thus, one not triable of right by jury. *See City of Auburn v. Mandarelli,* 320 A.2d 22, 31 (Me.1974); 2 Fred F. Lawrence *Equity Jurisprudence* § 722 (1929). Because the parties agreed that all the equitable actions would be tried by an advisory jury, the Superior Court erred when it considered itself bound by the jury's verdicts on the questions that encompassed this equitable claim. Therefore, we also vacate the judgment as it applies to the Grindles' claim for unjust enrichment and remand for the Superior Court to make a determination on this claim as well.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.