**Dale A. MORRIS and Dallas K. Morris**

v.

**E. Allen HUNTER, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 1994.

Decided Dec. 29, 1994.

Michael E. Feldman, Elizabeth A. Burns, Brunswick, for plaintiffs.

James M. Bowie, Thompson & Bowie, Portland, Russell B. Pierce, Jr., Norman, Hanson & Detroy, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiffs Dale A. and Dallas K. Morris appeal the Superior Court's (Knox County, *Marsano, J.*) grant of a summary judgment to Defendants, attorneys E. Allen Hunter, Richard D. Solman, Richard N. Solman, (collectively "Hunter"), and William J. Smith ("Smith"). We agree with plaintiffs' contention that a summary judgment was improperly granted because a genuine issue of material fact exists with respect to the extent of Dale Morris's mental disability. We vacate the judgment.

The facts as developed for purposes of the summary judgment may be summarized as follows: On February 11, 1986, Dale Morris received a right hip replacement at Aroostook Medical Center in Presque Isle. He and his wife claim that as a result of medical malpractice committed before, during and after the surgery, he suffered a stroke and permanent brain damage. At the time of the surgery and until early January 1987, Attorney Hunter represented Dale Morris in a workers' compensation claim arising out of the work-related injury to his right hip. In January 1987, plaintiff terminated his attorney-client relationship with Hunter and retained Attorney Smith, who represented him in the ongoing workers' compensation claim until late 1988 or January 1989.

On June 8, 1992, plaintiffs filed a complaint against attorneys Hunter and Smith, and their respective law firms, claiming that in the course of representing Dale Morris in the workers' compensation claim, the attorneys had the opportunity to review medical records that should have alerted them to the possibility of actions for medical malpractice and loss of consortium. Plaintiffs allege that the attorneys' failure to advise them of such potential claims constituted negligence because the claims had become barred by the statute of limitations.

In October of 1993, defendants filed a motion for a summary judgment, arguing that even if a breach of duty occurred plaintiffs suffered no harm because the statute of limitations for filing the medical malpractice and the loss of consortium claims was tolled under the tolling provision for persons with a mental disability. 14 M.R.S.A. § 853 (Supp. 1993).[1] In December of 1993, plaintiffs filed a medical malpractice action against the doctors and the hospital involved in the 1986 surgery. In February of 1994, plaintiffs filed a motion to consolidate the legal and medical malpractice actions. On March 9, the Panel Chair of the Prelitigation Screening Panel for the medical malpractice action issued an order requiring the parties in the medical malpractice action to litigate the statute of limitations defense in Superior Court before submitting the case to the Panel. After a hearing on March 10, the Superior Court granted defendants' motion for a summary judgment and thereby mooted plaintiffs' motion to consolidate. Plaintiffs appeal.

Plaintiffs argue that the Superior Court erred in granting a summary judgment be-

---

1. 14 M.R.S.A. § 853 (Supp.1993) provides: "If a person entitled to bring any of the actions under sections 752 to 754, including section 752–C, and under sections 851, 852 and Title 24, section 2902 is a minor, mentally ill, imprisoned or without the limits of the United States when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed."

cause conflicting evidence in the record creates a genuine issue of material fact as to whether Dale Morris was mentally ill within the meaning of 14 M.R.S.A. § 853. Defendants produced no evidence on the issue of Dale Morris's mental disability but relied on plaintiffs' complaint, depositions and answers to interrogatories. Plaintiffs argue that this evidence is insufficient to support a finding that Dale Morris was mentally ill pursuant to the statute because it demonstrates that although Dale Morris has, since 1986, suffered "varying degrees of incapacity with respect to his ability to understand and manage business, financial and legal affairs," he can participate in decision-making if the issues are carefully explained to him.

■ In the present case the court could grant a summary judgment only if the pleadings, depositions, and answers to interrogatories establish that there is no genuine issue as to any material fact, and that defendants are entitled to a judgment as a matter of law. M.R.Civ.P. 56(c). On appeal, we view the evidence in the light most favorable to the party against whom the judgment was entered, and review the trial court's decision for errors of law. *Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me.1992).

In order to toll the statute of limitations the evidence must establish an "*overall inability* to function in society that prevents plaintiffs from protecting their legal rights." *McAfee v. Cole*, 637 A.2d 463, 466 (Me.1994). (emphasis in original) (citations omitted). Evidence in the record demonstrates that Dale Morris, although perhaps unable to make complex decisions without assistance, can do so if provided with time and a careful explanation. For example, with his wife's assistance, he signed a settlement agreement for his workers' compensation benefits in 1991 with apparent understanding. Because the evidence suggests that he has participated in decisionmaking under certain circumstances, a genuine issue of material fact exists as to whether, overall, he was unable to function in society and protect his legal rights. A summary judgment was improperly granted.

Plaintiff Dallas Morris also argues that a summary judgment was improperly granted because her claim for loss of consortium is an independent action, not a derivative action, and not subject to the tolling provision of section 853. We need not resolve whether her claim is derivative or independent because, in either case, a summary judgment was improper. If derivative, the loss of consortium action is subject to section 853 and a genuine issue of material fact exists. If independent, the action is barred by the statute of limitations and plaintiff has shown harm. In either alternative, a summary judgment was improper.

■ Plaintiffs further assert that the court erred by refusing to consolidate their medical and legal malpractice claims. The Superior Court, however, granted a summary judgment without ruling on plaintiffs' motion. Because we vacate the judgment and plaintiffs may again move to consolidate, we note that the judicial economy achieved by declining to sever the common issue for a single hearing is not readily apparent. It is important that courts strive to avoid the inconsistent findings that can result from separate hearings on the same issue. This is particularly true when, as here, a mechanism is readily available to achieve a single factual determination. On remand, there would seem to be good reason to consolidate the proceedings for the limited purpose of deciding the common issue with respect to the statute of limitations. Plaintiffs should not unnecessarily face the risk of losing both cases because of inconsistent factual findings.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.