STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-298

TWIN TOWN HOMES, INC.,

Plaintiffs

DONALD L. GARBRECHT
LAW LIBRARY

NOV 19 2002

v.

**ORDER**

EDWARD S. MOLLEY &
NANCY N. MOLLEY,

Defendants

Before this court is Edward S. Molley and Nancy N. Molley (Defendants)' Motion to Amend their Counterclaim pursuant to M.R.Civ.P. 15(a) as well as Twin Town Homes, Inc. (Plaintiff)'s Motion for Summary Judgment pursuant to M.R.Civ.P. 56(c).

## FACTS

On October 1, 2000, the Defendants d/b/a Carousel Wallpapers signed a contract to purchase a modular building from the Plaintiff. The Defendants intended to use the building as an office and showroom for their wallpaper business. The parties agreed upon a cash purchase price of $75,957.00, including delivery. After constructing the building, the Plaintiff delivered it to Alfred, Maine in January 2001. In turn, the Defendants made a series of payments totaling $68,765.00. On March 9, 2001, the Defendants occupied the building.

On May 23, 2001, the Plaintiffs, seeking the balance of the purchase price, brought suit against the Defendants averring breach of contract, unjust enrichment, quantum meruit and promissory estoppel. The Defendants

counterclaimed, alleging breach of contract, negligence, a violation of 10 M.R.S.A. §1401 et seq. (Manufactured Housing Warranties) and 5 M.R.S.A. §206 et seq. (Unfair Trade Practices Act) and a breach of warranty under the previously mentioned statute. On May 24, 2001, this court entered a Scheduling Order stating that "[u]nless otherwise ordered by the court . . . motions to amend the pleadings may not be filed later than 4 months from the date of this order."

## DISCUSSION

The court will first address the Defendants' Motion to Amend their Counterclaim. M.R.Civ.P. 15(a) provides that in the current case the Defendants may only amend their Counterclaim by leave of court, which "shall be freely given when justice so requires." In particular, the Defendants, who are already claiming attorney's fees, are seeking to amend their counterclaim for attorney's fees under 10 M.R.S.A. § 1118(4), which states that"[n]otwithstanding any contrary agreement, the substantially prevailing party in any proceeding to recover any payment within the scope of [the Construction Contracts'] chapter must be awarded reasonable attorney's fees in an amount to be determined by the court or arbitrator, together with expenses." While the Plaintiff argues that the amendment is untimely and good cause has not been shown for the delay, the motion to amend is denied because the statute in question, 10 M.R.S.A. §1111, et al, does not afford Defendants the remedy they seek. The statute operates for the benefit of contractors and subcontractors who do not receive prompt payment under a construction contract. It does not create a reciprocal remedy for a building owner claiming breach against a contractor.

The court will next address the Plaintiff's Motion for Summary Judgment on the four counts in its Complaint. It should be noted that the granting of

2

summary judgment is no longer an extreme remedy. <u>Curtis v. Porter</u>, 2001 ME 158, ¶7, 784 A.2d 18, 21. Nevertheless, this court must view the evidence in a light most favorable to the Defendants, who are the non-moving party. *Id.* ¶6. This court must also consider that "[w]hen facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." *Id.* ¶9. At this stage the burden will be on the Plaintiff to establish a prima facie case for each element of its causes of action. *Id.* ¶8.

The Plaintiff is essentially seeking the difference between $75,957.00, the agreed upon price for constructing and then delivering a modular building to the Defendants, and $68,765.00, the amount the Defendants actually tendered to the Plaintiff. In other words, the Defendants owe the Plaintiff $7,192.00 amongst other things. More specifically, the Plaintiff's complaint alleges two breaches of contract, a claim for unjust enrichment and quantum meruit and a claim based on promissory estoppel. A breach of contract claim consists of the following elements: (1) a meeting of the minds; (2) consideration, and (3) mutuality of obligations. *See* <u>Dom J. Moreau & Son, Inc. v. Fed. Pac. Elec. Co.</u>, 378 A.2d 151, 153 (Me. 1977). An unjust enrichment claim consists of the following elements: (1) conferring of a benefit, (2) an appreciation or knowledge of that benefit, and (3) inequitable retention of the benefit without payment. *See* <u>Bowden v. Grindle</u>, 675 A.2d 968, 972-73 n.2 (Me. 1996). A claim for quantum meruit consists of the following elements: (1) services rendered, (2) with the recipient knowing about and consenting to the services, and (3) the provider reasonably expecting payment. <u>Paffhausen v. Balano</u>, 1998 ME 47, ¶8, 708 A.2d 269, 271 (quoting <u>Bowden v. Grindle</u>, 651 A.2d 347, 351 (Me. 1994)). A promissory estoppel claim consists of the following elements: (1) a promisor making a promise that it

should reasonably realize will cause the promisee to act or to forbear (2) the promise actually inducing the promisee to act or to forebear (3) an injustice resulting if the promisor is not bound by its promise. *See* Struck v. Hackett, 668 A.2d 411, 420 (Me. 1995).

All of the abovementioned causes of action are based on the premise that the Defendants owed something to the Plaintiff. Both parties agree that the Defendants have received a building from the Plaintiff. Similarly, both parties agree that the Plaintiff received $68,765.00 for its efforts. However, the parties disagree as to the extent of the Plaintiff's efforts to comply with the contract or in the alternative to meet the expectations of the Defendants.

The following examples illustrate some of the disputes pertaining to the contract. The Defendants claim that there was a hole in the first floor for a stairway going down to the basement that was not supposed to be part of the building plan, which the Plaintiff disputes. The Plaintiff claims that the building needed a fire sprinkler system, which the Defendants dispute. The Defendants claim that the Plaintiff broke its promise to fix any defects in the house, which the Plaintiff disputes. When this court considers these matters in a light most favorable to the Defendants, summary judgment is not appropriate.

The court will finally address the Plaintiff's motion for summary judgment on the Defendants' counterclaim. The burden is now on the Defendants to establish a prima facie case for each element in their causes of action. *See* Curtis v. Porter, 2001 ME 158, ¶8, 784 A.2d 18, 22. Pursuant to the above examples, the Defendants have demonstrated that genuine factual disputes exist on the contract claims. However, the Defendants' negligence claim is barred by the economic loss doctrine. *See* Oceanside at Pine Point

4

<u>Condominium Owners Ass'n v. Peachtree Doors, Inc.</u>, 659 A.2d 267, 270 n.4 (Me. 1995). Moreover, the Defendants counterclaim for a violation of 10 M.R.S.A. §1401 et seq., which deals with manufactured housing warranties, does not apply to a modular building being used for commercial purposes. The statute defines manufactured housing as having the same meaning set forth in 10 M.R.S.A. § 9002(7)(A) & (B), which refer to structures "designed to be used as dwellings." A dwelling is commonly understood to be a residence. WEBSTER'S II NEW COLLEGE DICTIONARY 352 (2001). The statements of material facts make it clear that the building in question was designed to be used as an office and showroom. Because the warranties in 10 M.R.S.A. §§ 1404 and 1404-A are inapplicable to the present case, the Defendants' counterclaim for a violation of the Unfair Trade Practices Act must also fail. 10 M.R.S.A. §1406 (2002).

WHERFORE this court will:

**DENY** the Defendants' Motion to Amend.

**DENY** the Plaintiff's Motion for Summary Judgment. on the claims in its complaint.

**GRANT** the Plaintiff's Motion for Summary Judgment on the Defendants' counterclaim regarding Count II, Count III, and Count IV.

Dated: November 14, 2002

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
JOHN A. CIRALDO, ESQ.
PERKINS THOMPSON HINCKLEY & KEDDY
PO BOX 426
PORTLAND ME   04112-0426

DEFENDANTS:
MICHAEL J. DONLAN ESQ
VERRILL & DANA
PO BOX 147
KENNEBUNK ME   04043-0147

5