STATE OF MAINE                              SUPERIOR COURT
ANDROSCOGGIN, SS.                           CIVIL ACTION
                                            DOCKET NO. AUBSC-CV-15-021



ADAM BAROUDI,

        Plaintiff,

        v.                                        ORDER ON DEFENDANT WILLIAM
                                                      MASELLI'S MOTION FOR SUMMARY
WILLIAM MASELLI,                                      JUDGMENT
CAROL WATSON, et al.,

        Defendants.

Before the court is Defendant William Maselli's motion for summary judgment on Plaintiff Adam Baroudi's claims against him. Based on the following, Maselli's motion for summary judgment is denied.

## I.   BACKGROUND

On March 6, 2002, Baroudi and Defendant Carol Watson entered into an agreement with Maselli to purchase from him a building and property located at 239 Lisbon Street in Lewiston, Maine (the "Property"). (Def. Supp. S.M.F. ¶ 1; Pl. Opp. S.M.F. ¶ 1.) The parties agreed to the following terms: a $16,000.00 purchase price, $1,000.00 down payment, the balance of the purchase price financed at 8% interest over three years, resulting in monthly payments of $470.05. (*Id.* ¶ 2.)

Baroudi and Watson made complete payment to Maselli. (*Id.* ¶ 3.) The parties dispute whether Baroudi and Watson have fully complied with the additional terms of the agreement. (*Id.* ¶¶ 3-9.) Baroudi asserts that he has complied with the terms of the agreement, but Maselli has not conveyed the Property with clear title because Maselli has incurred "substantial" tax liens. (Pl. Opp. S.M.F. ¶¶ 3, 5; Pl. Add'l S.M.F. ¶ 4.)

On February 20, 2015, Baroudi filed a complaint against Maselli and Ms. Watson for breach of contract, specific performance, and a declaratory judgment that an

equitable mortgage exists.[1] Maselli filed an answer and counterclaim for breach of contract against Baroudi on November 5, 2015. On December 11, 2015, Maselli filed a motion to dismiss Baroudi's complaint for failure to state a claim, asserting that Baroudi's claims are barred by the statute of limitations. A hearing on Defendant's motion was held on February 2, 2016. Because facts possibly tolling the statute of limitations were not pled in the complaint, the court instructed Baroudi to amend his complaint. *See Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 540 A.2d 1112, 1113 (Me. 1988) (stating that plaintiffs are not required to anticipate affirmative defenses, and if facts tolling the statute of limitations are not pled in the complaint, then leave to amend the pleading should be granted).

Baroudi filed an amended complaint on March 3, 2016.[2] The amended complaint now asserts claims for breach of contract, specific performance, a declaratory judgment that an equitable mortgage exists, unjust enrichment, and *quantum meruit*. Maselli filed an answer to the amended complaint on March 9, 2016.

On March 25, 2016, Maselli filed this motion for summary judgment. Maselli asserts that Baroudi's claims are barred by both the doctrine of judicial estoppel and the statute of limitations. (Def. Mot. Summ. J. 2, 5.) Baroudi filed an opposition on April 19, 2016. Maselli filed a reply on April 28, 2016. Maselli's reply memorandum, for the first time, asks the court to enter summary judgment in his favor on his counterclaim for breach of contract against Baroudi. (Def. Reply to Pl. Opp'n to Def. Mot. Summ. J. 5-6.)

---

[1] Baroudi also named the United States of America by and through the Internal Revenue Service and the Maine Revenue Service as defendants in his initial complaint.

[2] Baroudi's amended complaint continues to names the United States of America by and through the Internal Revenue Service as a defendant, but no longer includes the Maine Revenue Service.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* If the moving party bears the burden of persuasion on the claim or defense, then the moving party must establish the existence of each element of the claim or defense without dispute as to any material fact in the record in order to obtain summary judgment. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 9, 21 A.3d 1015. The non-moving plaintiff must then respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e).

Every motion for and opposition to summary judgment must be supported by statements of material facts that set forth each fact asserted by the parties. M.R. Civ. P. 56(h)(1)-(2). Each fact must be supported by record citation. *Id.* The court may disregard any fact not properly supported and has no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statements of fact. M.R. Civ. P. 56(h)(4). The absence of a record reference supporting an essential element in the statement of material facts is fatal to a party's motion for or opposition to summary judgment. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 9, 770 A.2d 653.

## III.   ANALYSIS

Estoppel and statutes of limitations are both affirmative defenses. M.R. Civ. P. 8(c). Thus, in order to obtain summary judgment, Maselli must prove the existence of each element of judicial estoppel and the statute of limitations without dispute as to any material fact in the record. *See Kulas*, 2011 ME 70, ¶ 9, 21 A.3d 1015. For the reasons stated below, Maselli has failed to meet this initial burden for both defenses. Because Maselli has failed to meet his initial burden to obtain summary judgment, the court does not reach and expresses no opinion on Baroudi's arguments against the statute of limitations and judicial estoppel.

### A.   *Statute of Limitations*

The court first addresses Maselli's statute of limitations defense. All of Baroudi's claims are governed by a six-year statute of limitations. *See* 14 M.R.S. § 752 ("All civil actions shall be commenced within [six] years after the cause of action accrues..."). In an action for *quantum meruit*, the plaintiff may recovery the value of services or materials provided under an implied contract. *Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269. Thus, Baroudi's breach of contract and *quantum meruit* both accrued at the time of breach. *Dunelawn Owners' Ass'n v. Gendreau*, 2000 ME 94, ¶ 11, 750 A.2d 591. Specific performance is an equitable remedy available in any action for breach of contract to convey real property. *Forbes v. Wells Beach Casino, Inc.*, 409 A.2d 646, 654 (Me. 1979). Unjust enrichment is also an equitable remedy that permits plaintiff to recover the value of a benefit retained by the defendant when no contractual relationship exists. *Aladdin Elec. Assocs. v. Town of Old Orchard Beach*, 645 A.2d 1142, 1145 (Me. 1994). The general six-year statute of limitation enumerated in § 752 applies to "all civil action" whether sounding in law or equity. *Bowden v. Grindle*, 651 A.2d 347, 350 n.1 (Me. 1994). Actions for declaratory judgment are also governed by the same six-

year statute of limitations and accrue when a plaintiff receives a judicially cognizable injury. *Bog Lake Co. v. Town of Northfield*, 2008 ME 37, ¶¶ 7-9, 942 A.2d 700. Thus, all five counts of Baroudi's complaint are governed by the six-year statute of limitations.

Maselli's statement of material facts fails to establish the necessary facts to obtain summary judgment on his statute of limitations defense. Maselli asserts that Baroudi, Watson, and he entered into an agreement on March 6, 2002. (Def. Supp. S.M.F. ¶ 1.) Maselli makes no assertions in his statement of material facts regarding when his performance was due, thus breaching the contract. *See generally* (Def. Supp. S.M.F.; Def. Reply S.M.F.) Because Maselli's statement of material facts fails to establish when Baroudi's claims would have accrued, the court cannot grant summary judgment on his statute of limitations defense. The burden is on the parties, not the court, to identify those facts in the record that support a particular claim or defense.

In addition, there is a genuine issue of material fact regarding if and when Maselli's performance to convey title to the Property was ever due. Neither Maselli nor Baroudi assert in their statement of material facts exactly when Maselli's performance was due under the agreement. *See generally* (Def. Supp. S.M.F.; Pl. Opp. S.M.F.; Pl. Add'l S.M.F.; Def. Reply S.M.F.) Rather, Maselli asserts that the Property would have been conveyed on March 1, 2005, if all the terms of the contract where met, but that Baroudi and Watson failed to comply with the terms of the agreement by failing to pay all past, current, and future taxes on the Property. (Def. Supp. S.M.F. ¶¶ 3-9.) Maselli is essentially arguing that his performance was excused and that he never breached the agreement because Baroudi and Watson failed to fully perform their obligations under the agreement. Baroudi, on the other hand, asserts Maselli was required to convey clear title to the Property upon complete payment. (Pl. Opp. S.M.F. ¶ 3.) Baroudi asserts that he and Watson were required to pay only current and future taxes under the agreement

and that timely payment of the taxes was not a requirement of the agreement. (*Id.* ¶¶ 4, 6-7.) Baroudi's statement of material facts fails to assert when full payment occurred. (*Id.* ¶ 3.) Thus, there are also genuine issues of material fact regarding if and when Maselli was required to perform and whether Baroudi's claims ever accrued.

Therefore, because Maselli has failed to set forth a statement of material fact establishing when Baroudi's claims would have accrued, and because there are genuine issues of material fact regarding if and when Maselli was required to perform under the contract, Maselli is not entitled to summary on his statute of limitations defense.

### B.    *Judicial Estoppel*

Maselli argues that Baroudi is judicially estopped from asserting claims against him now because Baroudi failed to disclose the existence of any legal claims against him as part of his 2005 and 2011 Chapter 13 voluntary bankruptcy petitions. (Def. Mot. Summ. J. 4.)

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Me. Educ. Ass'n v. Me. Cmty. Coll. Sys. Bd. of Trs.*, 2007 ME 70, ¶ 16, 923 A.2d 914 (internal citation and quotation marks omitted). Unlike the doctrine of *res judicata*, judicial estoppel does not require that the issue have been litigated. *Id.* A party is judicially estopped from asserting a position in subsequent legal proceeding if (1) the position asserted in the subsequent proceeding is "clearly inconsistent" with a position asserted during a previous proceeding; (2) the party in the previous action successfully convinced the court to accept the previous position; and (3) the party must gain an unfair advantage as a result of the change of position in the subsequent action. *Id.* ¶ 18.

There is no dispute that Baroudi filed petitions for voluntary bankruptcy in 2005 and 2011. (Def. Supp. S.M.F. ¶¶ 10-11; Pl. Opp. S.M.F. ¶¶ 10-11.) Baroudi did not include the Property as an asset in his 2005 bankruptcy petition. (*Id.* ¶ 12.) Baroudi did include the Property as an asset in his 2011 bankruptcy petition, but did not include or amend his petition to include any claims against Maselli. (*Id.* ¶¶ 13, 15.) Baroudi asserts that he was not required to include or amend his petition to include any claims against Maselli because he included the Property as an asset in his 2011 bankruptcy petition. (Pl. Opp. S.M.F. ¶ 15.)

Baroudi had an obligation to include any claims or potential claims against Maselli in his bankruptcy petitions. Under the Bankruptcy Code, a debtor has an obligation to disclose all assets to the Bankruptcy Court, including any legal claims or potential claims. *Guay v. Burack*, 677 F.3d 10, 17 (1st Cir. 2012). A debtor also has an obligation to amend their bankruptcy petition if circumstances change during the pendency of the proceeding. *Id.* Federal courts have applied the doctrine judicial estoppel to bar claims by a debtor against a third-party when the debtor failed to list the claim as an asset in a prior bankruptcy proceeding. *Id.; see Moses v. Howard Univ. Hosp.*, 606 F.3d 789 (D.C. Cir. 2010); *see also* 18, *Moore's Federal Practice*, § 134.30 & n.15 (3d ed. 2015).

However, Maselli has failed to meet his burden of establishing each element of his defense in order to obtain summary judgment. Maselli's statement of material facts contains no assertions regarding whether the Bankruptcy Court accepted the Baroudi's earlier position. *See generally* (Def. Supp. S.M.F.; Def. Reply S.M.F.) Maselli has provided certified copies of Baroudi's 2005 and 2011 bankruptcy petitions and the docket sheets for each bankruptcy case. (Horodyski Aff. Exs. B, C.) However, the court cannot determine from these documents whether the Bankruptcy Courts actually

"accepted" Baroudi's prior position. Further, Maselli's statement of material facts also makes no assertion that Baroudi will gain an unfair advantage as a result of his change in position.[3] *See generally* (Def. Supp. S.M.F.; Def. Reply S.M.F.) Thus, Maselli has not met his burden in order to obtain summary judgment.

Additionally, there are genuine issues of material fact that preclude the court from issuing summary judgment on Maselli's defense of judicial estoppel. As discussed above, neither Maselli nor Baroudi has asserted in their statement of material facts when the agreement was breached. *See generally* (Def. Supp. S.M.F.; Pl. Opp. S.M.F.; Pl. Add'l S.M.F.; Def. Reply S.M.F.) There is also a genuine dispute whether Maselli's performance under the contract was ever due. (Def. Supp. S.M.F. ¶¶ 3-9; Pl. Opp. S.M.F. ¶¶ 3-9.) For these reasons, the court cannot determine as a matter of law if or when Baroudi's claims or potential claims against Maselli would have accrued, requiring Baroudi to disclose those claims to the Bankruptcy Court.

Therefore, because Maselli has failed to establish the necessary elements of judicial estoppel and because there are genuine issues of material fact regarding when Baroudi's claims against Maselli would have accrued, Maselli is not entitled to summary judgment on his defense of judicial estoppel.

---

[3]     In *Guay v. Burack*, the First Circuit applied judicial estoppel to bar a civil claim because the plaintiff failed to disclose the claim in a prior bankruptcy proceeding even though the plaintiff gained no unfair advantage. *Guay*, 677 F.3d at 18-19. The First Circuit stated that unfair advantage is not a "formal element" of judicial estoppel, only a factor. *Id.* at 19. The United States Supreme Court has indicated that the factors for determining whether judicial estoppel applies are not "inflexible prerequisites," but merely factors that may inform a court's decision. *Me. Educ. Ass'n*, 2007 ME 70, ¶ 17, 923 A.2d 914 (citing *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)). Our Law Court, however, has used more mandatory language in describing the requirements for judicial estoppel. The Law Court has stated that the party "'*must* gain an unfair advantage as a result of their change of position in the subsequent action.'" *Id.* ¶ 18 (quoting *Linnehan Leasing v. State Tax Assessor*, 2006 ME 33, ¶25, 898 A.2d 408) (emphasis supplied). Thus, it appears that an unfair advantage is a necessary element of judicial estoppel under Maine law.

C. *Maselli's Counterclaim for Breach of Contract*

As discussed above, there are genuine issues of material fact regarding whether Baroudi and Watson were required to pay all past, current, and future taxes on the Property, whether timely payment of the taxes was required, and whether Baroudi and Watson fully performed their obligations by completing payment. (Def. Supp. S.M.F. ¶¶ 3-4, 6-7; Pl. Opp. S.M.F. ¶¶ 3-4, 6-7.) Therefore, Maselli is not entitled to summary judgment on his counterclaim against Baroudi for breach of contract.

## IV. CONCLUSION

Based on the foregoing, Defendant William Maselli's motion for summary judgment on is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 6/15/16

MaryGay Kennedy
Justice, Superior Court